Sharon S. Moyer (No. 013341)
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, Arizona 85251-3693
Telephone: (480) 425-2600

Attorneys for Defendant
CB Richard Ellis, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| BRIAN J. MARR, a single man, | No. CV-02315-JWS |
| Plaintiff, | |
| v. | **ANSWER** |
| CB RICHARD ELLIS, INC., a foreign corporation, | |
| Defendant. | |

CB RICHARD ELLIS, INC. ("CBRE"), by and through undersigned counsel, hereby responds to the Complaint filed by Plaintiff, Brian J. Marr, as follows:

**PARTIES, JURISDICTION & VENUE**

1. Admits, upon information and belief, the allegations in Paragraph 1 of the Complaint.

2. Admits the allegations in Paragraph 2 of the Complaint.

3. Denies the allegations in Paragraph 3 of the Complaint, as Mr. Marr was under 40 when he began his employment with CBRE.

4. Admits that this suit is brought under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. Denies that Plaintiff's claim for age discrimination properly lies under Title VII of the Civil Rights Act of 1964.

CB008:00001\629519.02

5. Denies that any discriminatory activities as alleged here occurred in the District of Arizona or elsewhere.

6. Admits the allegations in Paragraph 6 of the Complaint.

7. Admits the allegations in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. CBRE incorporates by reference its above admissions, denials and affirmative statements, as though fully set forth in this paragraph.

9. Admits the allegations in Paragraph 9 of the Complaint.

10. Admits the allegations in Paragraph 10 of the Complaint.

11. Admits the allegations in Paragraph 11 of the Complaint.

12. Denies the allegations in Paragraph 12 of the Complaint. Specifically deny that there is any connection between Mr. Marr's filing of his Charge of Discrimination with the EEOC and any performance evaluation.

13. The performance evaluations of Mr. Marr speak for themselves and CBRE denies any statements in Paragraph 13, which are not contained in the referenced performance evaluation. Further, Mr. Marr has taken bits and pieces of the performance evaluation out of context to set forth in this Complaint, when a more accurate view of Mr. Marr's performance is seen by reviewing the performance evaluation as a whole.

14. The performance evaluations of Mr. Marr speak for themselves and CBRE denies any statements in Paragraph 14, which are not contained in the referenced performance evaluation. Further, Mr. Marr has taken bits and pieces of the performance evaluation out of context to set forth in this Complaint, when a more accurate view of Mr. Marr's performance is seen by reviewing the performance evaluation as a whole.

15. The performance evaluations of Mr. Marr speak for themselves and CBRE denies any statements in Paragraph 15, which are not contained in the referenced performance evaluation. Further, Mr. Marr has taken bits and pieces of the performance evaluation out of context to set forth in this Complaint, when a more accurate view of Mr. Marr's performance is seen by reviewing the performance evaluation as a whole.

CB008:00001\629519.02

1  16. The performance evaluations of Mr. Marr speak for themselves and CBRE
2  denies any statements in Paragraph 16, which are not contained in the referenced
3  performance evaluation.  Further, Mr. Marr has taken bits and pieces of the performance
4  evaluation out of context to set forth in this Complaint, when a more accurate view of Mr.
5  Marr's performance is seen by reviewing the performance evaluation as a whole.

6  17. The performance evaluations of Mr. Marr speak for themselves and CBRE
7  denies any statements in Paragraph 17, which are not contained in the referenced
8  performance evaluation.  Further, Mr. Marr has taken bits and pieces of the performance
9  evaluation out of context to set forth in this Complaint, when a more accurate view of Mr.
10 Marr's performance is seen by reviewing the performance evaluation as a whole.

11 18. Denies the allegations in Paragraph 18 of the Complaint, particularly, the use
12 of the word "accolades".  Further denies that CBRE promoted less qualified employees
13 than Mr. Marr.  Further deny that Mr. Marr was repeatedly passed over for promotions.

14 19. Denies the allegations in Paragraph 19 of the Complaint.

15 20. CBRE admits that some employees under 40 may have advanced more
16 rapidly that Mr. Marr.  Denies that any such advancement had any relationship to the
17 employee's age.  Admit that some of the employees in the Mapping Department may have
18 become friendly and socialized outside of the work environment.  Denies that such
19 friendships form the basis for any claim against CBRE.  Admits that some employees
20 played video games during lunch or breaks, although denies that this activity forms the
21 basis for any claim against CBRE.  Admits that Mr. Plank invited employees, including Mr.
22 Marr, to his home to help move some gravel and for a party, although denies that such
23 invitation forms the basis of any claim against CBRE.  Denies the remainder of the
24 allegations in Paragraph 20 of the Complaint.

25 21. Denies the allegation that Mr. Plank had a "clique".  Admits that an employee
26 in the Mapping Department left for six months to pursue an opportunity to play
27 professional soccer, that he was subsequently reemployed by CBRE, and that he was
28

CB008:00001\629519.02

3

promoted to Team Leader.  Denies the remainder of the allegations in Paragraph 21 of the Complaint.

22.	Denies the allegations in Paragraph 22 of the Complaint.

23.	Denies the allegations in Paragraph 23 of the Complaint.

24.	The performance evaluations of Mr. Marr speak for themselves and CBRE denies any statements in Paragraph 24, which are not contained in the referenced performance evaluation.  Further, Mr. Marr has taken bits and pieces of the performance evaluation out of context to set forth in this Complaint, when a more accurate view of Mr. Marr's performance is seen by reviewing the performance evaluation as a whole.

25.	Denies the allegations in Paragraph 25 of the Complaint.

## COUNT ONE

### Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, A.R.S. § 41-1463, and Title VII of the Civil Rights Act of 1964

26.	CBRE incorporates by reference its above admissions, denials and affirmative statements, as though fully set forth in this paragraph.

27.	Denies the allegations in Paragraph 27 of the Complaint.

28.	Denies the allegations in Paragraph 28 of the Complaint.

29.	Denies the allegations in Paragraph 29 of the Complaint.

30.	Denies the allegations in Paragraph 30 of the Complaint.

## COUNT TWO

### Punitive Damages

31.	CBRE incorporates by reference its above admissions, denials and affirmative statements, as though fully set forth in this paragraph.

32.	Denies the allegations in Paragraph 32 of the Complaint.

33.	Denies the allegations in Paragraph 33 of the Complaint.

34.	Denies all allegations not specifically admitted above.

## AFFIRMATIVE DEFENSES

35.	Plaintiff has failed to state a claim upon which relief can be granted.

36. Title VII of the Civil Rights Act of 1964 does not prohibit age discrimination.

37. The Age Discrimination in Employment Act does not provide for punitive damages.

38. Mr. Marr has failed to comply with applicable statutes of limitations in the bringing of this action under Arizona's statutes.

39. Mr. Marr failed to avail himself of the Complaint mechanism available at CBRE to combat discrimination and retaliation.

40. Mr. Marr may have failed to exhaust his administrative remedies.

41. Mr. Marr's allegations regarding the failure to promote relates to events outside of the 300-day period prior to the filing of his EEOC charge, rendering his EEOC charge untimely.

42. Mr. Marr failed to avail himself of the internal application process for promotions at CBRE; he did not apply for several promotions.

43. The conduct complained of does not rise to the level of retaliation, subsequent to the filing of Mr. Marr's first charge of discrimination with the EEOC.

44. CBRE reserves the right to raise other affirmative defenses as may be revealed through discovery and disclosure.

WHEREFORE, CBRE having answered the Complaint in full, prays for the following, that:

A. Plaintiff's Complaint be dismissed with prejudice;

B. Defendant CBRE be awarded its costs and attorney's fees; and

C. Such other and further relief as the Court deems proper.

DATED this 4th day of December 2006.

SACKS TIERNEY P.A.

By: /s/ Sharon S. Moyer
Sharon S. Moyer
Attorneys for CB Richard Ellis, Inc.

CB008:00001\629519.02

5

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

George A. Pena
Pena Law Firm, PLLC
845 North 3rd Avenue
Phoenix, Arizona  85003

                                                s/ Sharon S. Moyer

_

CB008:00001\629519.02